[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is a contract action to recover past and future payments of alimony allegedly owing to the plaintiff from the estate of her deceased ex-husband. In a single count complaint plaintiff alleges that she and the decedent were married in 1952, and separated in 1971. Under the terms of the separation agreement executed by the plaintiff and the decedent, the decedent agreed to pay alimony to the plaintiff during her lifetime. The agreement, attached to the complaint as Exhibit A, stipulated that it would bind the heirs, executors, administrators and assigns of the parties. Plaintiff also alleges that the separation agreement provided that in event of divorce, the agreement would be incorporated into the decree, would not merge with the decree, but would survive and be binding on the parties for all time. The plaintiff and the decedent were divorced in 1971, and the decree incorporated the terms of the separation agreement. The divorce decree is attached to the complaint as Exhibit B.
The decedent died in 1989. The decedent's will was admitted to probate and the defendant was appointed executor. Plaintiff made a timely claim against the estate for payments due her under the agreement, which claim was denied by the defendant.
Defendant now moves to strike the complaint for failure to state a claim upon which relief can be granted. Specifically, defendant contends that the decedent's death terminated all obligations to pay alimony, and that the separation agreement did not provide for post-death alimony payments. The plaintiff argues in opposition to the motion that an express written agreement was made that decedent's support obligation was intended to continue for plaintiff's life, and that such agreement is binding on the defendant.
Generally, an obligation to pay alimony terminates on the death of the obligor. See Rubin v. Rubin, 204 Conn. 224, 243
(1987); see also McDonnell v. McDonnell, 166 Conn. 146, 150
(1974). An exception to this rule provides that payment of alimony may continue beyond the death of the obligor if the parties to the separation and support agreement agreed that it would. McDonnell, 166 Conn. at 151. "We have indicated on several occasions that settlement agreements incorporated into dissolution judgments should be interpreted consistently with accepted contract principles." Marsico v. Marsico, 195 Conn. 491,493 (1985).
In her complaint the plaintiff has alleged that she and the decedent agreed that the separation agreement, which includes a provision for the payment of alimony, would bind the decedent's CT Page 2564 executor. Reading the allegations in the complaint in the light most favorable to the plaintiff, she has plead sufficient facts to state a cause of action. Therefore, the motion to strike is denied.
CIOFFI, J.